IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SHIRLEY A. LEE,      *

    Plaintiff,      *

    v.      *      Civil Action No. RDB 10-2407

MAYOR & CITY COUNCIL      *
OF CUMBERLAND

    Defendant.      *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## **MEMORANDUM OPINION**

Defendant, Mayor & City Council of Cumberland (collectively, "Cumberland" or "the City") file the pending motion to dismiss Plaintiff Shirley A. Lee's ("Lee") due process and takings claims Lee alleges resulted from the rezoning of her property from commercial use to residential use. The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2010). For the reasons that follow, Defendant Cumberland's Motion to Dismiss (ECF No. 3) is GRANTED.[1]

### BACKGROUND

In ruling on a motion to dismiss, the factual allegations in the plaintiff's complaint must be accepted as true and those facts must be construed in the light most favorable to the plaintiff. *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).

---

[1] By this Court's Order of June 13, 2011 (ECF No. 7) the Defendant's Motion to Amend was granted so as to change the named Defendant from "City of Cumberland" to "Mayor and City Council of Cumberland." This amendment does not change the substance of the Complaint or the pendency of the Motion to Dismiss.

1

Plaintiff Lee's property, 502 Winifred Road (the "Property"), is located in Cumberland, Maryland. Compl. ¶¶ 14-19. At some point in 2008, as a part of a comprehensive rezoning, the City changed the Property's use category from "local business" to "urban residential." *Id*. ¶ 23. Lee claims that she was unaware of the zoning change until June 2008, when she received an offer to purchase the Property from Healthcare 1st for $510,000. *Id*. ¶ 21. Lee claims that after Healthcare 1st made the offer, it discovered and informed her that the Property had been rezoned for exclusively residential purposes. *Id*. ¶¶ 24, 26. Since Healthcare 1st had planned to use the Property for commercial purposes, it rescinded its offer to buy the Property. *Id*. ¶ 26. Lee concedes that there was a public hearing on the proposed rezoning and that there was publication of notice in the local newspaper. *Id*. ¶¶ 16, 19. Lee also admits that she continues to use the Property as her primary place of business for her real estate brokerage business. *Id*. ¶ 11. According to Lee, her use of the Property is "grandfathered." *Id*. ¶ 27.

Lee's Complaint contends that the rezoning of the Property violated her due process rights under the Fourteenth Amendment (Count I) and constituted an unconstitutional taking of her property without compensation in violation of the Fifth Amendment (Count II).

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted; therefore, a Rule 12(b)(6) motion tests the legal sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).

A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also*

*Simmons v. United Mort. and Loan Inv., LLC*, 634 F.3d 754, 768 (4th Cir. 2011); *Andrew v. Clark*, 561 F.3d 261, 266 (4th Cir. 2009). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555. Thus, a court considering a motion to dismiss "can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). Well-pleaded factual allegations contained in the complaint are assumed to be true "even if [they are] doubtful in fact," but legal conclusions are not entitled to judicial deference. *See Twombly*, 550 U.S. at 555 (noting that "courts are not bound to accept as true a legal conclusion couched as a factual allegation") (internal quotation marks omitted). Thus, even though Rule 8(a)(2) "marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 129 S. Ct. at 1950.

To survive a Rule 12(b)(6) motion, the legal framework of the complaint must be supported by factual allegations that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The Supreme Court has explained recently that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim. *Iqbal*, 129 S. Ct. at 1949. The plausibility standard requires that the pleader show more than a sheer possibility of success, although it does not impose a "probability requirement." *Twombly*, 550 U.S. at 556. Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1937. Thus, a court must "draw on its judicial

experience and common sense" to determine whether the pleader has stated a plausible claim for relief. *Id.*

ANALYSIS

First, Lee alleges what appears to be both procedural and substantive due process claims. Specifically, she asserts that Cumberland's zoning ordinance is constitutionally deficient because it fails to provide notice to visually impaired and illiterate citizens. Compl. ¶ 32. Second, Lee alleges a takings claim, contending that her property is now worthless as a result of the rezoning. *Id*. ¶ 44.

**I.  Cognizable Property Interest**

In order for Lee to state a due process claim under the Fourteenth Amendment or a takings claim under the Fifth Amendment, "she must first demonstrate that she possesses a cognizable property interest, rooted in state law, in the lost benefit." *Biser v. Bel Air*, 991 F.2d 100, 103-104 (4th Cir. 1993); *see also Washlefske v. Winston*, 234 F.3d 179, 184-86 (4th Cir. 2000). A property interest is not created by the Constitution, but instead "stem[s] from an independent source such as state law." *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972). A property interest requires more than a "unilateral expectation" of a benefit; instead, there must be a "legitimate claim of entitlement to it." *Id*. In applying this standard of entitlement, the United States Court of Appeals for the Fourth Circuit has held that if a local agency has "any significant discretion" in making land-use decisions, then a claimant has no legitimate entitlement and, hence, no cognizable property interest. *Gardner v. Baltimore Mayor & City Council*, 969 F.2d 63, 68 (4th Cir. 1992).

In this case, Lee does not have a legitimate claim of entitlement or a property interest in a specific zoning classification for the Property. Article 66B of the Maryland Annotated Code

4

states that "a local legislative body shall provide for the manner in which . . . the boundaries of its districts shall be . . . periodically amended or repealed." Md. Code Ann. Art. 66B § 4.04(a). As Article 66B further explains, zoning boundaries may be periodically changed. *Id*. § 4.05(a)(1). The Cumberland Zoning Code establishes the procedures for changing the zoning of a property. *See* Cumberland Zoning Code ("CZC") §§ 15.01 *et seq*. Thus, Maryland state law does not create any property interest in a particular zoning classification or use. Accordingly, Lee does not have a property interest on which she may base her due process and takings claims.

## II.  Compensable Taking

In the alternative, Cumberland asserts that, even assuming Lee has a constitutionally protected property interest, she has not sufficiently alleged that Cumberland's rezoning resulted in a "taking" of her property. Def.'s Mem. at 8-9. In *Lucas v. South Carolina Coastal Council*, 505 U.S. 1003, 1015-16 (1992), the Supreme Court held that there are at least two distinct categories of governmental regulatory action that may result in a taking for which just compensation is due under the Fifth Amendment, regulations that: (1) compel a physical invasion of an owner's property, and (2) deny "all economically beneficial or productive use of land." 505 U.S. at 1015. In contrast, the Supreme Court has held it "quite simply untenable" that property owners "may establish a 'taking' simply by showing that they have been denied the ability to exploit a property interest that they heretofore had believed was available for development." *Penn Central Transp. Corp. v. New York City*, 438 U.S. 104, 130 (1978).

In this case, Lee does not allege that there has been a "physical invasion" of her property, nor that the rezoning of the Property denies her of "all economically beneficial or productive use of land." *Lucas*, 505 U.S. at 1015. At most, Lee makes one conclusory allegation that the Property no longer has any economic value as a result of the rezoning. Compl. ¶ 44. This claim

5

is undercut, however, by Lee's concession that she continues to use the Property for her real estate business. *Id*. ¶¶ 11, 27. Thus, the Complaint does not sufficiently allege that the rezoning of the Property rendered it valueless.

Furthermore, Lee has not alleged a compensable taking because she has not claimed that she followed the proper Maryland procedure for seeking just compensation for her alleged loss. As the Supreme Court held in *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*, 473 U.S. 172, 195 (1985), a Fifth Amendment takings claims may not be maintained in federal court where there is an adequate state judicial procedure. Under Maryland law, an individual may seek just compensation for her property under the principle of "inverse condemnation." Md. Code Ann., Real Prop. §§ 12-201 *et seq*.; *Legg v. Cty. Comm'rs of Dorchester County*, 200 F. Supp. 2d 535 (D Md. 2002). The U.S. Supreme Court has described an inverse condemnation claim as "'a shorthand description of the manner in which a landowner recovers just compensation for a taking of his property when condemnation proceedings have not been instituted.'" *College Bowl, Inc. v. Mayor and City Council of Baltimore*, 907 A.2d 153, 157 (Md. 2006) (quoting *United States v. Clarke*, 445 U.S. 253, 257 (1980)). Lee does not contend that she has availed herself of the inverse condemnation remedy available under Maryland law. Accordingly, Lee has not alleged a compensable taking under the Fifth Amendment.

## III. Facial Challenge to Rezoning

Lee claims that the publication notice for the comprehensive rezoning provided in Cumberland's Zoning Code is unconstitutional on its face because it does not provide notice to visually impaired and illiterate citizens. Compl. ¶¶ 32, 34. This Court begins its analysis by recognizing that judicial review of a comprehensive zoning action is limited in scope. As the

Fourth Circuit has explained, "land-use decisions are a core function of local government [and f]ew other municipal functions have such an important and direct impact on the daily lives of those who live and work in a community." *Gardner*, 969 F.2d at 67. Thus, a federal court "should be extremely reluctant to upset the delicate balance at play in local land-use disputes." *Id*.

Here, Lee's challenge to Cumberland's Zoning Code amounts to a claim that Maryland's notice requirements for undertaking comprehensive rezoning are unconstitutional. Moreover, as Cumberland points out, almost every county and municipal government in Maryland has a zoning ordinance with a similar notice requirement to the notice at issue in this case. Thus, Lee's claim raises fundamental issues of state law that are best addressed by Maryland state courts. Accordingly, this Court abstains from resolving Lee's facial challenge to Cumberland's publication notice for comprehensive rezoning.

## CONCLUSION

For the reasons stated above, Defendant Cumberland's Motion to Dismiss (ECF No. 3) is GRANTED.

A separate Order follows.

Dated:	June 14, 2011	/s/
	Richard D. Bennett
	United States District Judge